IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR NOEL HERNANDEZ,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>        Respondent. | Case No. CV 20-7846 GW (MRW)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

**Original Conviction and Federal Habeas Proceedings**

1. Petitioner is currently serving a life term in state prison. In 2007, a state court jury convicted Petitioner of murder for shooting a man to death at a cockfight. (Docket # 10-1 at 2, 11.)

2. In 2009 after the conclusion of his state appeals, Petitioner filed a habeas petition in this Court under 28 U.S.C. § 2254. <u>Hernandez v.</u>

Yates, ED CV 09-1133 GW (RNB) (C.D. Cal.).  The sole claim in the petition challenged the proof supporting Petitioner's conviction for premeditated murder.  The Court accepted the Report and Recommendation of the previous magistrate judge (now-retired Judge Block) to deny relief on Petitioner's sufficiency-of-evidence claim.

**Current Federal Habeas Action**

3.   In 2020, Petitioner filed the current action in this Court under Section 2254.  His First Amended Petition presents several claims alleging the inadequacy of his trial lawyer's performance, instructional error, and prosecutorial misconduct.  Petitioner also claims that he recently discovered information about an injury he suffered in a knife attack in the 1980s when he lived in the Philippines.  Petitioner contends that this "new" evidence is relevant to a fight that Petitioner engaged in before he committed the shooting for which he was criminally convicted.  (Docket # 4.)

4.   Magistrate Judge Wilner screened the 2020 habeas action.  Judge Wilner noted that the action was not accompanied by a certificate from the Ninth Circuit Court of Appeals authorizing a second habeas action under 28 U.S.C. § 2244.  (Docket # 3, 5.)

5.   Even so, the California Attorney General was directed to address the new action and evaluate Petitioner's claim of newly discovered evidence.  The Attorney General moved to dismiss the action as successive and untimely.  (Docket # 10.)

6.   Petitioner filed two pleadings in response to the dismissal motion.  (Docket # 17, 19.)  The bulk of the opposition filings addressed the merits of Petitioner's claims.  However, in his February 2021 submission, Petitioner effectively acknowledged that his current action is successive.

Petitioner stated that he "will file a motion for leave to file a second petition" pursuant to AEDPA. (Docket # 19 at 3.) A review of the district court and Ninth Circuit dockets reveals that Petitioner has not done so to date, though.

**Relevant Law and Analysis**

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

8. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

9. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

1  10. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this court for permission to have his petition heard in the district court").

\* \* \*

11. Petitioner's current habeas action is subject to summary dismissal. The petition challenges the same murder conviction that was the subject of his earlier habeas action in this Court. Petitioner presents no proof that he asked for or received permission from the Ninth Circuit to pursue another successive action. As a result, the current petition is subject to summary dismissal. 28 U.S.C. § 2244(b); Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

12. Because the Court does not have jurisdiction to consider the merits of Petitioner's habeas claims, it declines to address the Attorney General's alternative contention that the current action is untimely under AEDPA.[2]

\* \* \*

---

[2] Further, to the extent that Petitioner alleges either a new factual basis (discovery of his earlier knife injuries) or legal theory (a brief reference to the Supreme Court's decision in Ramos v. Louisiana, ___ U.S. ___, 140 S. Ct. 1390 (2020) (Docket # 4 at 44)) for his current action, the first consideration of those issues is in the Court of Appeals as part of the successive petition authorization process under Section 2244.

Petitioner's current action is **DISMISSED** without prejudice as successive.

IT IS SO ORDERED.

Dated: April 20, 2021

HON. GEORGE WU
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

5